UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ALI SULTANOV,

                Petitioner,                      Case No. 1:26-cv-946

v.

                                          Honorable Jane M. Beckering

UNKNOWN PARTY #1 et al.,

                Respondents.
_____/

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.    Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.6.)[1]

---

[1] With the petition, Petitioner filed a motion for immediate release or bond hearing (ECF No. 3) and emergency motion to stay (ECF No. 5). As set forth herein, the Court will deny Petitioner's § 2241 petition, which resolves the case. Therefore, Petitioner's motions are moot.

In an order entered on February 2, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on February 5, 2026, (ECF No. 6), and Petitioner filed his reply later that same day, (ECF No. 7).

## II.    Relevant Factual Background

Petitioner is a citizen of Kyrgyzstan who entered the United States in 2023. (Pet., ECF No. 1, PageID.1; Op., *Sultanov v. Raycraft* (*Sultanov I*), No. 1:26-cv-276 (W.D. Mich Feb. 17, 2026) (ECF No. 11). In September 2025, Petitioner was arrested by ICE agents. (*Id.*, PageID.2.)

On January 26, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Sultanov I. Sultanov I*, No. 1:26-cv-276 (W.D. Mich Jan. 26, 2026) In *Sultanov I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Sultanov I*, No. 1:26-cv-276 (W.D. Mich Feb. 17, 2026) (ECF Nos. 11, 13).

On February 24, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge Order, ECF No. 9-2, PageID.43.) At the conclusion of that hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "Flight Risk." (*Id.*)

## III.    Discussion

In Petitioner's § 2241 petition, Petitioner argues that the Immigration Judge did not apply the constitutionally required burden of proof at Petitioner's § 1226(a) bond hearing on February 24, 2026. Specifically, Petitioner argues that the Immigration Judge failed to require the government to demonstrate dangerousness or flight risk by clear and convincing evidence. *See*

*Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *2 (W.D. Mich. Jan. 21, 2026) (addressing the constitutionally required burden of proof).

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.

### **Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:        April 3, 2026               /s/ Jane M. Beckering
                                          Jane M. Beckering
                                          United States District Judge